[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11035
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20266-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH D. EDWARDS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 2, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Kenneth D. Edwards appeals his conviction and sentence for possession of a firearm by a convicted felon pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Edwards raises four challenges to his conviction: (1) that the district court's issuance of a flight instruction to the jury was unduly misleading and prejudicial, (2) that § 922(g), the statute criminalizing possession of a firearm and ammunition by a convicted felon, violates the Commerce Clause both on its face and as applied to him, (3) that § 922(g) violates the Tenth Amendment both on its face and as applied to him, and (4) that the Armed Career Criminal Act sentencing enhancement contained in 18 U.S.C. § 924(e)(1) violates Edwards's Fifth and Sixth Amendment rights because his triggering prior convictions were neither alleged in the indictment nor proven beyond a reasonable doubt at trial. We affirm.

## DISCUSSION

I. Flight Instruction

With respect to Edwards's claim that the district court's issuance of a flight instruction was unduly misleading and prejudicial, we review the district court's jury instructions under an abuse of discretion standard. *United States v. Williams*, 541 F.3d 1087, 1089 (11th Cir. 2008) (per curiam). District courts have broad discretion in crafting jury instructions, provided that the charge accurately reflects

the law and the facts. *United States v. Kennard*, 472 F.3d 851, 854 (11th Cir. 2006). "We examine whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled." *United States v. Fulford*, 267 F.3d 1241, 1245 (11th Cir. 2001) (citation omitted) (internal quotation marks omitted).

Evidence of flight is admissible and probative to demonstrate "consciousness of guilt and thereby guilt." *Untied States v. Blakely*, 960 F.2d 996, 1000 (11th Cir. 1992); *Kennard*, 472 F.3d at 855 ("evidence of flight is admissible and probative").

We have held that the district court did not abuse its discretion in giving a flight instruction when the evidence presented was sufficient for the jury to reasonably conclude that the defendant fled to avoid apprehension for the charged crime. *Williams*, 541 F.3d at 1089. We also found a flight instruction proper that "cautioned the jury that it was up to them to determine whether the evidence proved flight, and the significance, if any, to be accorded such a determination . . . ." *United States v. Borders*, 693 F.2d 1318, 1328 (11th Cir. 1982).

In this case, the circumstantial evidence supported the district court's issuance of a flight instruction to the jury. The government offered testimony and evidence regarding Edwards's possession and use of a firearm and his subsequent

3

flight from police apprehension, first as a passenger in a vehicle, and then on foot. One witness, Breanna Doe, testified that she saw Edwards standing in the street, leaning over a dark four-door car holding a long, wooden and black gun. R3 at 191, 201, 204. Officer Bain testified that he followed a dark car driving erratically which accelerated and switched lanes when he turned his sirens on. *Id.* at 224-28. Officer Bain testified that after the dark car collided with another vehicle, he observed a male exit the passenger-side door of the dark car and flee on foot. *Id.* at 229, 231. Later, Officer Bain identified this male as Edwards after he was discovered hiding in a shed on a nearby property. *Id.* At 243-44. Officer Bain then approached the car and the driver of the vehicle, later identified as Xavier Outler, was arrested and an assault rifle was found in the passenger side of the car. *Id.* at 237-38, 241. A reasonable jury could have concluded, based on this evidence, that Edwards fled the police in order to avoid apprehension for his possession and use of a firearm. Moreover, the district court instructed the jury that, if proved, intentional flight in itself was not sufficient to establish guilt. The Court instructed the jury to "consider that there may be reasons for [flight] which are fully consistent with innocence." R5 at 501-02. Whether and why Edwards fled police apprehension were issues for the jury to determine. Because the circumstantial evidence presented at trial supported the issuance of a flight

4

instruction to the jury, the district court did not abuse its discretion in issuing such an instruction.

II. Commerce Clause and Tenth Amendment Challenges to 18 U.S.C. § 922(g)

Edwards argues for the first time on appeal that § 922(g) violates the Commerce Clause both facially and as applied to him because intrastate possession of a firearm by a convicted felon does not have a substantial effect on interstate commerce. Edwards also argues that § 922(g) violates the Tenth Amendment, because the suppression of crime is traditionally a police power left to the states. Edwards acknowledges that our precedent forecloses these arguments, but he seeks to preserve the issues for further review.

We generally review the constitutionality of a statute *de novo*. *United States v. White*, 593 F.3d 1199, 1205 (11th Cir. 2010) . However, when the issue is raised for the first time on appeal, we review for plain error. *United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005). Plain error review provides federal appellate courts limited power to correct error, and they may not act unless there is (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2005) (citation omitted). If all three conditions are met, we may exercise our discretion to notice the error only when it seriously affects "the fairness, integrity, or public reputation of judicial

5

proceedings". *Id.* (citation omitted) (internal quotation marks omitted). An error cannot be "plain" unless it is "clear under current law." *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) *citing United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993). Our law is emphatic in that only the Supreme Court or this Court sitting *en banc* can judicially overrule a prior panel decision. *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir. 2004) (citation omitted).

Pursuant to § 922(g)(1), it is unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1) (2006). We have repeatedly held that § 922(g)(1) is not facially an unconstitutional exercise of Congress's power under the Commerce Clause. *See e.g. United States v. Scott,* 263 F.3d 1270, 1273 (11th Cir. 2001) (holding that "the jurisdictional element of the statute, *i.e.*, the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack"); *United States v. Dupree*, 258 F.3d 1258, 1259-60 (11th Cir. 2001) (rejecting the argument that § 922(g)(1) is unconstitutional, both facially and as applied, because the jurisdictional element of § 922(g) brought it

6

within Congress' Commerce Clause powers); *United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996) (holding that as long as the weapon in question has a "minimal nexus" to interstate commerce, § 922(g) is constitutional). We have also held that § 922(g)(1) was not unconstitutional as applied to a defendant who only possessed a firearm intrastate because "§ 922(g) is an attempt to regulate guns that have a connection to interstate commerce" and the government demonstrated that the firearm in question "had traveled in interstate commerce." *McAllister*, 77 F.3d at 390. A "minimal nexus to interstate commerce" is all that § 922(g) requires. *Dupree*, 258 F.3d at 1260 (holding that brandishing a firearm that was manufactured in another state suffices to establish the required "minimal nexus to interstate commerce"). This Court has consistently held that § 922(g) is Constitutional both on its face and as applied to defendants possessing firearms intrastate which had previously traveled in interstate commerce.

With respect to the Tenth Amendment, we have held that Congress does not violate the Tenth Amendment when it enacts legislation through the constitutionally permissible exercise of its Commerce Clause power. *Cheffer v. Reno*, 55 F.3d 1517, 1521 (11th Cir. 1995) ("Because the [challenged legislation] is within Congress'[s] Commerce Clause power, it does not violate the Tenth Amendment.").

The binding precedent of this Circuit forecloses Edwards's arguments that Congress violated the Commerce Clause and the Tenth Amendment in enacting § 922(g)(1). Since this binding precedent is "clear under current law," the district court did not plainly err in convicting Edwards of violating § 922(g)(1).

III. Fifth and Sixth Amendment Challenges to 18 U.S.C. § 924(e)(1)

Edwards also argues for the first time on appeal that the armed career criminal sentencing enhancement contained in § 924(e)(1) violates his Fifth and Sixth Amendment rights. Since this argument is first raised on appeal, we review this issue for plain error. *Peters*, 403 F.3d at 1270. Edwards acknowledges that our precedent forecloses these arguments, but he seeks to preserve the issues for further review.

The Armed Career Criminal Act, as contained in § 924(e)(1), increases the sentence of imprisonment under § 922(g) by requiring a mandatory minimum sentence of 15 years for anyone who violates § 922(g) by illegally possessing a firearm after three convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1). In *Almendarez-Torres*, the Supreme Court held that the government need not allege in its indictment nor prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions to enhance a sentence. 523 U.S. 224, 226-27, 239, 118 S. Ct. 1219, 1222, 1228

(1998). In *Apprendi v. New Jersey*, the Supreme Court explicitly declined to overrule *Almendarez-Torres*. 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000).

Post-*Apprendi*, we have held that a defendant's constitutional rights did not include having the three predicate felonies charged in an indictment or proven to a jury, even if they trigger application of § 924(e)(1) . *United States v. Thomas*, 242 F.3d 1028, 1034-35 (11th Cir. 2001) ("we are bound to follow *Almendarez–Torres* unless and until the Supreme Court itself overrules that decision.") (citation omitted). In *United States v. Shelton*, we held that the decision in *Almendarez-Torres* was "left undisturbed by *Apprendi*" and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence." 400 F.3d 1325, 1329 (11th Cir. 2005).

In this case, the district court properly looked to evidence of Edwards's prior convictions according to § 924(e)(1) to enhance his sentence under § 922(g), even though the prior convictions were neither charged in the indictment nor proven at trial.

Edwards's argument that his enhanced sentence under § 924(e)(1) was unconstitutional is foreclosed by Supreme Court and Eleventh Circuit precedent. Thus, the District Court did not err by enhancing Edwards's sentence under § 924(e)(1), based on a finding that he qualified as an armed career criminal.

9

## CONCLUSION

Upon careful review of the record and consideration of the parties' briefs, we affirm Edwards's conviction and sentence for possession of a firearm and ammunition by a convicted felon. The circumstantial evidence in Edwards's case supported the issuance of a flight instruction, and his arguments as to the constitutionality of § 922(g)(1) and § 924(e)(1) are foreclosed by the binding precedent of this Circuit.

**AFFIRMED.**