**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

CARL RAY JACOBS,

      Defendant–Appellant.

No. 09-5021

---

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 4:08-CR-00121-JHP-1)**

---

Submitted on the briefs:[*]

Barry L. Derryberry (Julia L. O'Connell with him on the briefs), Office of the Federal Public Defender, Northern and Eastern Districts of Oklahoma, Tulsa, Oklahoma, for Defendant–Appellant.

Janet S. Reincke (Thomas Scott Woodward, Acting United States Attorney, with her on the briefs), Office of the United States Attorney, Tulsa, Oklahoma, for Plaintiff–Appellee.

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**,[**] Circuit Judges.

---

[*] At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).

[**]The Honorable Michael W. McConnell, originally a member of this panel, resigned his commission effective August 31, 2009,  The two remaining members

**LUCERO**, Circuit Judge.

Carl Ray Jacobs pled guilty to possessing cocaine base with intent to distribute. At sentencing, the district court permanently barred Jacobs from receiving federal benefits under 21 U.S.C. § 862(a). This case presents a narrow issue of first impression: Does possession with intent to distribute constitute an "offense consisting of the distribution of controlled substances" within the meaning of § 862(a)? The government concedes that it does not. We agree with that position. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we vacate the portion of Jacobs' sentence denying him eligibility for federal benefits and remand.

## I

Jacobs was indicted on one count of possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He pled guilty to the drug charge in exchange for dismissal of the gun charge. According to his presentence report ("PSR"), Jacobs

_____

of this panel, who are in agreement, have determined this matter. <u>See</u> 28 U.S.C. § 46(d).

had two prior convictions in Oklahoma state court for possession of a controlled drug with intent to distribute.

The district court adopted the PSR in full and sentenced Jacobs to 151 months' imprisonment. It further ruled that Jacobs would be "permanently ineligible for all federal benefits" because the conviction was Jacobs' "third or subsequent conviction for distribution of controlled substances." In a subsequent written order, the court cited 21 U.S.C. § 862 as the basis for its benefits determination. Jacobs appeals only his debarment from eligibility for federal benefits.

## II

We review the district court's statutory interpretation de novo. See United States v. Husted, 545 F.3d 1240, 1242 (10th Cir. 2008). At the outset, we note that "[t]he Government concedes that § 862(a) does not apply to convictions for possession with intent to distribute controlled substances." We agree with the parties' shared position.

Section 862(a) provides: "(1) Any individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall— . . . (C) upon a third or subsequent conviction for such an offense be permanently ineligible for all Federal benefits." (Emphasis added). By contrast, subsection (b) refers to: "[a]ny individual who is convicted of any Federal or State offense involving the possession of a controlled substance." § 862(b)(1)

- 3 -

(emphasis added). A defendant who meets the criteria of subsection (b) may be made ineligible for federal benefits for up to five years. § 862(b)(1)(B).

Section 862 thus distinguishes offenses "consisting of the distribution of controlled substances" from those "involving the possession of a controlled substance." As defined in Title 21, "'distribute' means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical." § 802(11). Based on that definition and the contrast between the two subsections, we hold that the phrase "distribution of controlled substances," as used in § 862(a), reaches only those crimes that include distribution as an element. In so doing, we agree with the rule set out by the Eleventh Circuit. See United States v. Williams, 541 F.3d 1087, 1090-91 (11th Cir. 2008).

Jacobs was convicted of possession with intent to distribute. That offense requires "that a defendant: (1) possessed a controlled substance; (2) knew that he possessed a controlled substance; and (3) intended to distribute the controlled substance." United States v. Heckard, 238 F.3d 1222, 1229 (10th Cir. 2001) (quotation omitted). It does not require the element of distribution. That is, the third element of intent to distribute is not the equivalent of distribution. Accordingly, as the government concedes, possession with intent to distribute is not an "offense consisting of the distribution of controlled substances" for purposes of § 862(a). Thus, the district court erred when it banned Jacobs from ever receiving federal benefits.

**III**

For the foregoing reasons, the district court's ruling imposing lifetime ineligibility for federal benefits is **VACATED**.  The case is remanded for resentencing consistent with this opinion.