**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2012

No. 11-51177

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JORGE LUIS SILVA-DE HOYOS, also known as Jorge Luis Silva De Hoyos,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before STEWART, Chief Judge, and KING and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Jorge Luis Silva-De Hoyos (Silva) was convicted of possession with intent to distribute cocaine and importation of cocaine. He appeals only his sentence, contending that the district court erred (1) in denying him a minor-participant adjustment and (2) by ordering him ineligible for federal benefits for five years. We hold that the district court did not clearly err in denying the minor-participant adjustment but that it did err in its application of a five-year period of ineligibility. We nevertheless decline to exercise our discretion to correct the error because there is no evidence that Silva is or might be eligible for federal benefits during the five-year period of ineligibility imposed by the district court.

No. 11-51177

# I

Customs and Border Patrol officers arrested Silva at the Mexican border after discovering 12.36 kilograms of cocaine hidden in the Honda CR-V that he was driving. Silva told investigators that he was an unwilling participant in the offense. He said that Mexican drug traffickers called him three times asking him to transport drugs across the border into the United States. He recounted that during the third call, they threatened to harm his family if he did not comply. He believed that he was targeted because he had worked for the Mexican police in 1984 and had friends on the force who smuggled drugs. He agreed to drive a vehicle containing an unknown type and quantity of drugs into the United States to protect his family from harm. He was to receive further instructions by phone after he crossed the border. The law enforcement agent handling Silva's case believed his account of these facts to be truthful and concluded that Silva's role was limited to driving the vehicle.

Silva pleaded guilty to possession with intent to distribute more than five kilograms of cocaine and to importation of more than five kilograms of cocaine. The probation officer calculated the base offense level to be 32 based on the amount of drugs but concluded that Silva should receive a three-level reduction for acceptance of responsibility and a two-level safety-valve reduction. However, the probation officer did not recommend a minor-participant adjustment and calculated a total offense level of 27. Silva, who had no prior convictions, received a criminal history category of I. The resulting advisory guidelines range was 70 to 87 months of imprisonment.

Silva objected to the Presentence Investigation Report on the ground that he should receive a two-level downward adjustment as a minor participant in the criminal activity.[1] The Government argued that, because Silva was the person

---

[1] *See* U.S. SENTENCING GUIDELINES MANUAL § 3B1.2(b) (2010).

No. 11-51177

who brought the drugs into the United States, he was ineligible to be a minor participant in the importation of the drugs. The Government contended that any threats Silva received were irrelevant to this determination.

The district court was "not willing to presume that a mere driver" was "substantially less culpable" than the other unknown persons involved in the criminal activity. The court noted that "the drugs wouldn't have gotten into the United States but for [Silva's] actions," which were "pretty integral" to the criminal activity, and overruled Silva's objection.

After considering the Guidelines and weighing the sentencing factors in 18 U.S.C. § 3553(a), the district court imposed a prison term of 70 months for each of the two counts, to run concurrently, and five years of supervised release for each count, also to run concurrently. The court also ordered that Silva would be ineligible for federal benefits for five years, reasoning that Silva was "convicted of two federal drug trafficking offenses."

## II

Silva first asserts that the district court erred in denying a minor-participant adjustment. Whether a defendant is entitled to that adjustment is a factual finding that "is heavily dependent upon the facts of the particular case."[2] The defendant bears the burden of proving by a preponderance of the evidence that he qualifies as a minor participant.[3] We review the district court's minor-participant finding for clear error.[4] "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole."[5]

---

[2] *Id.* § 3B1.2 cmt. n.3(C).

[3] *United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995).

[4] *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

[5] *Id.*

No. 11-51177

Under the Guidelines, a defendant is eligible for a two-level reduction if he or she "was a minor participant in any criminal activity."[6]  A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal."[7]  "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity."[8]  Our court has held that "[a] person merely transporting drugs, a mere mule, is not necessarily a minor participant in the illicit activity."[9]

Silva argues that he is entitled to the minor-participant adjustment because "there were participants more culpable than [he] was," including those who owned the cocaine, packaged it, and threatened to harm his family in order to coerce him to transport contraband across the border.  He notes that he did not know the type or amount of drugs hidden in the vehicle, did not "participate[] in the drug's cultivation," and was not a member of the criminal organization.  He also argues that he was less culpable because he was merely an unwilling courier.

The district court did not clearly err in refusing to grant a minor-participant adjustment.  While Silva may have been less culpable than others, particularly since he was motivated by threats to participate in the illegal scheme, he was convicted of two offenses, which were possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841 and of importing cocaine, in

---

[6] U.S. SENTENCING GUIDELINES MANUAL § 3B1.2(b) (2010).

[7] *Id.* § 3B1.2 cmt. n.5.

[8] *Villanueva*, 408 F.3d at 204 (internal quotation marks omitted).

[9] *United States v. Thomas*, 690 F.3d 358, 376 (5th Cir. 2012) (internal quotation marks omitted); *see also United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989) (noting that "[i]f the Sentencing Commission wished to establish a special downward adjustment for all drug couriers, it could easily have done so" and rejecting the defendant's argument that he should have been given a minor-participant adjustment because he was only a courier).

No. 11-51177

violation of 21 U.S.C. § 952(a).  Silva possessed the cocaine and was the person who attempted to transport it across the border into the United States.  That activity was not minimal when the elements of these offenses are examined.[10]

### III

Silva asserts that the district court was not authorized to impose a five-year period of ineligibility for federal benefits because neither of his offenses was a distribution offense within the meaning of 21 U.S.C. § 862.  We review the legality of a criminal sentence de novo.[11]

The provisions at issue in § 862 draw a distinction between "[d]rug traffickers"[12] and "[d]rug possessors."[13]  A drug-trafficking offense is "any Federal or State offense consisting of the distribution of controlled substances."[14] A district court may, in its discretion, order that a defendant convicted of a drug-trafficking offense be ineligible to receive federal benefits for up to five years.[15] However, the court may order that a defendant convicted of an offense "involving the possession of a controlled substance" be ineligible for federal benefits for a

---

[10] *See, e.g.*, *Thomas*, 690 F.3d at 376 (holding that the district court's denial of a minor-participant adjustment was not clearly erroneous despite the defendant's arguments that "his role was merely to serve as a mule, that his voice was not on any of the audiotapes, his fingerprints were not on the money, the cocaine or any of the packaging, and that he was not the owner of the drugs").

[11] *United States v. Ortlieb*, 274 F.3d 871, 879 (5th Cir. 2001).

[12] 21 U.S.C. § 862(a).

[13] *Id.* § 862(b).

[14] *Id.* § 862(a)(1).

[15] *Id.* § 862(a)(1)(A).

maximum period of one year,[16] although a period of up to five years may be imposed after a second or subsequent possession conviction.[17]

Silva had no convictions prior to the two for which he was sentenced in this case. The district court ordered that Silva be ineligible for federal benefits for five years, finding that he had been convicted of two drug-trafficking offenses. Silva asserts that neither of the offenses for which he was convicted has actual distribution as an element and therefore that his convictions were not drug-trafficking offenses within the meaning of § 862(a). The Government concedes that neither possession with intent to distribute nor importation qualifies as an offense consisting of distribution within the meaning of § 862(a) and requests that we modify the period of ineligibility to one year pursuant to § 862(b)(1)(A)(i), which pertains to an offense "involving the possession of a controlled substance." However, "[w]e are not bound by the Government's concession of error and give the issue independent review."[18]

Silva did not object to this aspect of his sentence in the district court and raises the issue for the first time on appeal. Our review is therefore for plain error.

With regard to Silva's possession-with-intent-to-distribute conviction, the question is whether the offense is an "offense consisting of the distribution of controlled substances" within the meaning of § 862(b)(1)(A). "Distribute" is defined as "to deliver (other than by administering or dispensing) a controlled substance."[19] "Deliver" is defined as "the actual, constructive, or attempted

---

[16] *Id.* § 862(b)(1)(A)(i).

[17] *Id.* § 862(b)(1)(B).

[18] *United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008).

[19] 21 U.S.C. § 802(11).

transfer of a controlled substance."[20]  Intent to distribute does not appear to come within that definition.  "The essential elements of possession with the intent to distribute controlled substances in violation of 21 U.S.C. § 841 are 1) knowledge, 2) possession, and 3) intent to distribute the controlled substances."[21]

Any doubt about congressional intent is dispelled after considering other provisions in chapter 13 of Title 21, in which § 862 is found.  When Congress intended for "intent to distribute" to be included as a prerequisite to authorizing a particular sentence, Congress expressly included "intent to distribute."  In § 860a, a sentencing court is directed to impose a consecutive sentence if the defendant "violates section 841(a)(1) of this title by manufacturing or distributing, or possessing with intent to manufacture or distribute, methamphetamine" under certain circumstances.[22]  In § 860(a) and (b), sentence enhancements are set forth for offenses including "possessing with intent to distribute" when certain aggravating factors are present.[23]  Likewise, § 849 directs courts to increase sentences for certain offenses that include "possessing with intent to distribute a controlled substance" when the offense occurs near a

---

[20] *Id.* § 802(8).

[21] *United States v. Cain*, 440 F.3d 672, 675 (5th Cir. 2006) (internal quotation marks omitted).

[22] *See* 21 U.S.C. § 860a ("Whoever violates section 841(a)(1) of this title by manufacturing or distributing, or possessing with intent to manufacture or distribute, methamphetamine or its salts, isomers or salts of isomers on premises in which an individual who is under the age of 18 years is present or resides, shall, in addition to any other sentence imposed, be imprisoned for a period of any term of years but not more than 20 years, subject to a fine, or both.").

[23] *See id.* § 860(a), (b) (mandating sentence enhancements for a person who violates § 841(a)(1) or § 856 "by distributing [or] possessing with intent to distribute . . . a controlled substance" near certain educational and vocational institutions).

truck stop or rest area.[24]  When Congress did not intend for intent to distribute to be a predicate offense, it did not use the words "intent to distribute."[25]

Two of our sister circuits have held that possession with intent to distribute is not an offense "consisting of distribution" under § 862(a).  In *United States v. Williams*,[26] the Eleventh Circuit concluded that § 862(a) applies to offenses "consisting of actual *distribution*, not the *intent* to distribute."[27]  In *United States v. Jacobs*,[28] the Tenth Circuit agreed with *Williams* and held "that the phrase 'distribution of controlled substances,' as used in § 862(a), reaches only those crimes that include distribution as an element."[29]  The court reasoned that the "element of *intent* to distribute is not the equivalent of distribution."[30]  We agree that possession with intent to distribute is not an "offense consisting of the distribution of controlled substances" as that phrase is used in § 862(a).

Importation of cocaine is similarly not a distribution offense.  The elements of importation under § 952 are (1) importation of a controlled

---

[24] *See id.* § 849(b), (c) (mandating sentence enhancements for a person who violates § 841(a)(1) or § 856 "by distributing or possessing with intent to distribute a controlled substance" near a truck stop or rest area).

[25] *See id.* § 856(a) (using the terms "manufacturing, distributing, or using any controlled substance" and "manufacturing, storing, distributing, or using a controlled substance."); *id.* § 858 (using the terms "manufacturing a controlled substance in violation of this subchapter, or attempting to do so, or transporting or causing to be transported materials"); *id.* § 859 (authorizing an increased sentence for "distributing a controlled substance" to a person under twenty-one years old).

[26] 541 F.3d 1087 (11th Cir. 2008) (per curiam).

[27] *Id.* at 1090; *see also id.* at 1090-91 ("If the legislature had intended to permit a lifetime ban on federal benefits to persons who were in possession of a controlled substance with the intent to distribute, it could have said so. And if there is ambiguity, we are obliged to favor the more lenient punishment.").

[28] 579 F.3d 1198 (10th Cir. 2009).

[29] *Id.* at 1199.

[30] *Id.* at 1200.

substance, (2) into the United States, (3) from any place outside thereof.[31]  Our analysis of whether this is an "offense consisting of distribution" is similar to the analysis of possession with intent to distribute.  Because importation does not contain distribution as an element, it is not a distribution offense under § 862(a).

Although this is an issue of first impression in this circuit, the language of the statute is unambiguous.  Neither of Silva's convictions was an "offense consisting of the distribution of controlled substances."[32]  The district court's conclusion that Silva was convicted of two drug-trafficking offenses was error that was plain.[33]  That is not the end of our inquiry, however.  Silva must not only show "(1) the existence of actual error" and "(2) that the error was plain," but he must also demonstrate "(3) that it affects substantial rights."[34]  "[I]n most cases, in order for plain error to affect substantial rights, 'the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'"[35]

However, as a fourth limitation on plain error review, the Supreme Court has admonished that appellate courts have discretion to correct plain error but should do so only "if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"[36]  The Court explained that "[a]n error may

---

[31] *See* 21 U.S.C. §§ 812, 952(a).

[32] *Id.* § 862(a)(1).

[33] *See United States v. Leonard*, 157 F.3d 343, 344-46 (5th Cir. 1998) (per curiam) (holding that a sentencing error by the district court was plain even though the issue was one of first impression in this circuit because four other circuits had addressed the issue and reached the opposite result as the district court and because the language of the statute was "clear and unambiguous").

[34] *United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008).

[35] *Leonard*, 157 F.3d at 346 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

[36] *Olano*, 507 U.S. at 736 (alteration in original) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

'seriously affect the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence. Conversely, a plain error affecting substantial rights does not, without more, satisfy the *Atkinson* standard, for otherwise the discretion afforded by [Federal Rule of Criminal Procedure] 52(b) would be illusory."[37]

The district court chose the five-year ineligibility-for-benefits period, rather than a one-year ineligibility period, based on its erroneous conclusion that possession with intent to deliver constituted an "offense consisting of the distribution of a controlled substance."[38] That was the only basis given for this aspect of the sentence, and therefore, the error affected substantial rights.

Nevertheless, Silva has failed to identify any federal benefit for which he is or might be eligible to receive during the five-year period of ineligibility imposed by the district court. Although the Government asks that we vacate this aspect of the sentence, it, too, fails to identify any benefit for which Silva is or might be eligible. We also note that Silva's 70-month term of imprisonment may span all or a considerable part of the five-year period. We cannot say that the district court's error seriously affects the fairness, integrity or public reputation of judicial proceedings under these circumstances.

*       *       *

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

---

[37] *Id.* at 736-37.

[38] The district court stated: "The Court finds that the defendant has been convicted of two federal drug trafficking offenses and as such will be denied federal benefits in accordance with federal law for five years."