# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 17, 2013

No. 12-10606
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GLENN RAY SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-196-11

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Glenn Ray Smith pled guilty to one count of making, possessing, and uttering a forged and counterfeit security. The presentence report assigned him a Guidelines imprisonment range of 30 to 37 months, but the district court imposed a 54-month prison term, explaining that this sentence was justified both as a departure under the Sentencing Guidelines and as a variance based on the 18 U.S.C. § 3553(a) factors. On appeal, Smith challenges this sentence, arguing that he was entitled to a reduction in his offense level based on his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limited role. He also argues the sentence is substantively unreasonable because the court focused on his criminal history and the need to avoid sentencing disparities, but it ignored his rehabilitative efforts and his role in the offense.

We review a district court's fact findings underlying a sentencing adjustment for clear error. *United States v. Griffith*, 522 F.3d 607, 611-12 (5th Cir. 2008). The district court did not clearly err in denying Smith a mitigating role adjustment. The overall criminal scheme involved stealing bank account and identifying information, producing counterfeit identification documents, and using these documents to engage in fraudulent banking transactions. Smith participated as one of many "runners" who deposited fraudulent checks and withdrew the funds. He admitted knowing that the checks he deposited were fraudulent and using fraudulent identification documents, meaning that he understood his role in the scheme and what the larger scheme entailed. Though Smith was directly responsible for a smaller amount of the loss than other participants, the record supports a finding that his role in negotiating forged checks was not peripheral to the scheme. Consequently, he was not entitled to the offense-level adjustment. *See United States v. Silva-De Hoyos*, 702 F.3d 843, 846-47 (5th Cir. 2012); *cf. United States v. Franklin*, 561 F.3d 398, 407 (5th Cir. 2009) (explaining that the defendant was not entitled to an offense-level reduction merely because he was only a courier of contraband and other couriers were more culpable).

As for the substantive reasonableness of the sentence, Smith did not object to his sentence in the district court. Therefore, we review only for plain error. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Because Smith's sentence is reasonable "under the totality of the relevant statutory factors," he cannot show error, plain or otherwise. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). His argument amounts to a disagreement with the balance that the district court struck among the various sentencing factors, a balance we will not recaluclate. *See United States v. McElwee*, 646 F.3d 328, 344 (5th Cir.

2011).  The district court considered the Guidelines and the Section 3553(a) factors, giving a thorough explanation for the sentence it chose.  The court noted the efforts that Smith had made toward rehabilitation, but it was free to conclude that a 54-month sentence was appropriate given Smith's extensive criminal history involving similar crimes and the sentences it had imposed on similar defendants with similar criminal histories.  *See Brantley*, 537 F. 3d at 349-50 (holding that a lengthy criminal history justified the imposition of an upward departure or variance).

Accordingly, the judgment of the district court is AFFIRMED.