**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2013

Lyle W. Cayce
Clerk

No. 11-51260
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUMBERTO BOBADILLA-RODRIGUEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1706-1

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Humberto Bobadilla-Rodriguez (Bobadilla) appeals his sentence following his guilty plea conviction to possession of marijuana with intent to distribute. He challenges the district court's imposition of a five-year period of ineligibility for federal benefits, arguing that his offense was not a distribution offense for purposes of 21 U.S.C. § 862.

As Bobadilla concedes, because he did not object to the five-year denial of federal benefits in the district court, review is limited to plain error. *See United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Silva-de Hoyos*, 702 F.3d 843, 848 (5th Cir. 2012). To show plain error, Bobadilla must demonstrate (1) that there was an error, (2) that it was clear or obvious, and (3) that it affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Because Bobadilla's offense of possession of marijuana with intent to distribute was not an offense consisting of the distribution of controlled substances under § 862(a), the district court erred in imposing the five-year ineligibility period, that error was plain, and it affected Bobadilla's substantial rights. *See Silva-de Hoyos*, 702 F.3d at 849-50. Bobadilla contends that the error affects the fairness, integrity, or public reputation of judicial proceedings because it results in a sentence exceeding the statutory maximum. Bobadilla has not, however, identified any federal benefit for which he is eligible or might be eligible during the five-year ineligibility period imposed by the district court. *See id.* at 850. Because the district court's error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings, the district court's judgment is affirmed. *See id.*

AFFIRMED.