# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 11, 2013

Lyle W. Cayce
Clerk

No. 12-50435
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2651-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Arturo Garcia appeals the 235-month below-guidelines sentence imposed following his guilty plea conviction for possession with intent to distribute five kilograms or more of cocaine. He also challenges the district court's imposition of a 10-year period of ineligibility for federal benefits, arguing that his offense was not a distribution offense for purposes of 21 U.S.C. § 862.

Garcia contends that his 235-month sentence is unreasonable and greater than necessary as measured by the factors set forth in 18 U.S.C. § 3553(a). He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that the career offender Sentencing Guideline, U.S.S.G. 4B1.1, conflicts with § 3553(a)(1), which requires the sentencing court to consider the particular nature and circumstances of the offense and the defendant's personal history and characteristics and that his guidelines range overstated the seriousness of his offense.

The record reflects that the district court made an individualized determination at sentencing that a 235-month sentence was appropriate based on the facts presented and that the court considered Garcia's arguments for a lesser sentence, as well as the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007). Garcia fails to rebut the presumption of reasonableness accorded his below-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Thus, he has not shown error, plain or otherwise, and his "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to [his] sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Because Garcia did not object to the 10-year denial of federal benefits in the district court, review is limited to plain error. *See United States v. Silva-de Hoyos*, 702 F.3d 843, 848 (5th Cir. 2012). To show plain error, Garcia must demonstrate that (1) there was an error, (2) it was clear or obvious, and (3) it affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Because Garcia's offense of possession of cocaine with intent to distribute was not an offense consisting of the distribution of controlled substances under § 862(a), the district court erred in imposing the 10-year ineligibility period, that error was plain, and it affected Garcia's substantial rights. *See Silva-de Hoyos*, 702 F.3d at 849-50. Garcia, however, has not identified any federal benefit to which he is eligible or might be eligible to receive during the 10-year ineligibility

period imposed by the district court. *See id.* at 850. Because the district court's error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings, the district court's judgment is affirmed. *See id.*

AFFIRMED.