# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2013

No. 12-41302
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER SANTOSCOY-ROSADO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-477-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Javier Santoscoy-Rosado (Santoscoy) pleaded guilty to possession with intent to distribute over 100 kilograms of marijuana. The district court sentenced him to 70 months in prison, at the bottom of the guidelines range. Santoscoy appeals, contending that the factual basis was insufficient to establish that he knew that he possessed a controlled substance and that the district court erred by refusing to reduce his offense level for being

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a minor or minimal participant pursuant to U.S.S.G. § 3B1.2(b).  Finding no error, we affirm.

Santoscoy first argues that the factual basis was insufficient to establish that he knowingly possessed a controlled substance because he admitted at rearraignment only that he knew that the tractor/trailer he was driving contained an illegal substance but not that the illegal substance was a controlled substance.  As Santoscoy did not raise this argument in the district court, we review it for plain error.  *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006).  To establish plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The government was not required to prove that Santoscoy knowingly possessed marijuana; it was only required to prove that he knowingly possessed some type of controlled substance.  *See United States v. Betancourt,* 586 F.3d 303, 308-09 (5th Cir. 2009); *United States v. Gamez-Gonzalez,* 319 F.3d 695, 699-700 (5th Cir. 2003).  An examination of the indictment and the record establishes that the district court did not err, plainly or otherwise, in concluding that Santoscoy's conduct satisfied every element of the drug charge.  *See United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001); *see also United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008) (stating that an indictment that is "sufficiently specific" is an adequate factual basis for a guilty plea).  Santoscoy admitted at rearraignment that he knew that he was transporting an illegal substance, and the indictment provided that Santoscoy knowingly and intentionally possessed with intent to distribute a controlled substance, i.e., marijuana. Santoscoy admitted that he had reviewed the indictment and that he understood the charges against him.  Further, the district court informed Santoscoy of the elements of the offense, and he stated that he understood them.

After the district court had the indictment read, Santoscoy pleaded guilty as charged. Based on the foregoing, Santoscoy's guilty plea was supported by a sufficient factual basis. *See Marek*, 238 F.3d at 314; *see also Hildenbrand*, 527 F.3d at 475.

Santoscoy's second argument, that he was entitled to a mitigating role adjustment, is a factual finding reviewed for clear error. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). A defendant is a minimal participant if he is "plainly among the least culpable of those involved" in the scheme. § 3B1.2, comment. (n.4). He is a minor participant if he "is less culpable than most other participants," § 3B1.2, comment. (n.5), meaning not that he did less than other participants but that he was "peripheral to the advancement of the illicit activity," *United States v. Silva-De Hoyos*, 702 F.3d 843, 846-47 (5th Cir. 2012).

Santoscoy argues that he was only transporting the drugs, that he did not purchase the drugs, that he did not conceal the drugs in the trailer, and that he had no knowledge of the extent of the criminal enterprise. Santoscoy also argues that because the district court erred in refusing to award a mitigating role adjustment, his sentence is procedurally unreasonable.

Although one's role as a drug courier does not preclude a minor role adjustment, a mere courier is "not necessarily a minor participant in the illicit activity." *United States v. Thomas*, 690 F.3d 358, 376 (5th Cir. 2012) (internal quotation marks and citation omitted), *cert. denied*, 131 S. Ct. 1281 (2013). Santoscoy was transporting more than 926 kilograms of marijuana when he was apprehended. The significant amount of marijuana possessed supports the denial of the adjustment; Santoscoy has not shown that his sentence is substantively unreasonable. *See United States v. Gallegos*, 868 F.2d 711, 713 (5th Cir. 1989); *see also United States v. Rojas*, 868 F.2d 1409, 1410 (5th Cir. 1989).

AFFIRMED.