# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 4, 2013

Lyle W. Cayce
Clerk

No. 12-40899
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RUBEN TORRES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-1169-3

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ruben Torres pleaded guilty to one count of possession with intent to distribute more than 100, but less than 1,000, kilograms of marijuana. He was sentenced, *inter alia*, to 57 months' imprisonment.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Torres contends the court, in calculating the applicable advisory Guidelines sentencing range, should have made an adjustment under Guideline § 3B1.2 for his claimed minor role in the offense. Along that line, a ruling on a preserved minor-role objection is a finding of fact, reviewed only for clear error. *United States v. Silva-De Hoyos*, 703 F.3d 843, 846 (5th Cir. 2012).

Torres maintains the court should have sentenced him based solely on his offense conduct and should not have focused on his prior adult, drug-related, criminal conduct that did not result in convictions. Torres does not dispute the fact of such conduct or the reliability of the Pre-Sentence Investigation Report's recitation of such conduct. The court was allowed to consider this information. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013).

The pertinent question is whether the court clearly erred in finding Torres was not a minor participant in the crime for which he was held accountable. *See United States v. Perez-Solis*, 709 F.3d 453, 471 (5th Cir. 2013) (upholding district court's decision to not grant minor participant reduction where appellant had driven cooler of methamphetamine and aided in unpacking drugs). Torres admits he conspired with his co-defendants to transport the 456 kilograms of marijuana seized in this case. Moreover, he admits he introduced one of his co-defendants to the confidential source who secured the driver to transport that marijuana. On the other hand, Torres chronicles the activities of his two co-defendants to support his claim for a minor-role adjustment. Though Torres' co-defendants "may have been *more* involved" than Torres, this does not establish Torres was peripheral to the advancement of the criminal activity. *Id.* (emphasis added). On this record, the court did not clearly err in finding a § 3B1.2

reduction was not warranted. *See, e.g., Silva-De Hoyos*, 702 F.3d at 846 (finding appellant's activities "not minimal when the elements of [the] offenses are examined").

Torres also contends the court erred by not giving him credit for time served prior to sentencing. Torres was arrested 27 July 2010, on an unrelated state drug charge and was held in state custody in Hidalgo County Jail. On 15 September 2010, he appeared in federal district court in the instant case pursuant to a writ of habeas corpus ad prosequendum. According to Torres, he was in federal custody beginning 15 September 2010, and the court should have given him credit toward his federal sentence for the time he served in federal custody.

First, it is not clear, under these circumstances, Torres was in federal custody. *See United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (determining an appellant remained in state custody even while on temporary loan to federal authorities pursuant to writs of habeas corpus ad prosequendum). Second, the court is not authorized under 18 U.S.C. § 3585, the statute upon which Torres relies, to compute time-served credit; such credit is awarded through the Bureau of Prisons (BOP) by the Attorney General. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Setser*, 607 F.3d 128, 132 (5th Cir. 2010). A prisoner may seek judicial review of the BOP's computation of his sentence only after he has exhausted his administrative remedies. *Setser*, 607 F.3d at 133. Torres has not exhausted such remedies.

Finally, the court considered the 18 U.S.C. § 3553(a) sentencing factors and explained its reasons for determining the 57-month within-Guidelines sentence was appropriate, regardless of whether Torres ever received credit for time already spent in custody. In that regard, Torres has not shown the requisite abuse of discretion.

AFFIRMED.