# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50692
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN JOSE COSIO GOMEZ, also known as Juan Cosio,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-300-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Jose Cosio Gomez pleaded guilty to conspiracy to possess with intent to distribute one kilogram or more of heroin and possession with intent to distribute one kilogram or more of heroin. He was sentenced to 100 months of imprisonment. In his sole issue on appeal, Cosio Gomez argues that the district court should have granted him a minor role reduction under U.S.S.G. § 3B1.2(b) because he was less culpable than the other participants in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense.  He also argues that the district court's denial of the reduction was influenced by incorrect assertions that his conduct should be compared to that of an "average" drug courier.

To qualify for a minor role reduction, a defendant must be "substantially less culpable than the average participant." § 3B1.2, comment. (n.3(A)); *United States v. Villanueva,* 408 F.3d 193, 203-04 (5th Cir. 2005).  We have held that "[i]t is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *Villanueva,* 408 F.3d at 204 (internal quotation marks and citation omitted).  Whether a defendant is a minor participant is a factual determination reviewed for clear error.  *United States v. Silva-De Hoyos,* 702 F.3d 843, 846 (5th Cir. 2012).  "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole."  *Id.* (internal quotation marks and citation omitted).

Even if the Government's arguments incorrectly compared Cosio Gomez's conduct to that of an "average" courier rather than to an "average participant," the district court's statements do not suggest that it made the same error.  *See* § 3B1.2, comment. (nn.1 & 3(A)).  While Cosio Gomez's role may have been somewhat less culpable than that of the other participants, his role in transporting a large quantity of heroin from Texas to Ohio was neither "substantially less culpable" nor "peripheral to the advancement of the illicit activity."  § 3B1.2, comment. (n.3(A)); *Villanueva,* 408 F.3d at 204 (internal quotation marks and citation omitted).  Therefore, we conclude that the district court did not clearly err in finding that Cosio Gomez should not receive a minor participant reduction.  *See Silva-De Hoyos,* 702 F.3d at 847.

AFFIRMED.