# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60059
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SILVIANO TINOCO NIETO; GERARDO ORTIZ MENDEZ,

Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 1:12-CR-31-3

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Silviano Tinoco Nieto and Gerardo Ortiz Mendez were convicted of conspiracy to possess 500 grams or more of cocaine with intent to distribute; aiding and abetting the possession of this amount of cocaine with intent to distribute; conspiracy to possess one kilogram or more of heroin with intent to distribute; and aiding and abetting possession with intent to distribute this amount of heroin. Tinoco Nieto was sentenced to serve

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

121 months in prison and a five-year term of supervised release; Ortiz Mendez was sentenced to serve 135 months in prison and a five-year term of supervised release. They have appealed their convictions and sentences.

First, they argue that the evidence adduced at trial is insufficient to support their convictions. We disagree. In determining whether the evidence was sufficient, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors draw reasonable inferences from basic facts to ultimate facts." *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012) (internal quotation marks and citation omitted).

Our review of the record shows that the trial evidence, when viewed in the light most favorable to the Government, was such that the jury could reasonably infer that Ortiz Mendez and Tinoco Nieto conspired with others to possess cocaine and heroin with intent to distribute and that Ortiz Mendez and Tinoco Nieto aided and abetted possession of these drugs with intent to distribute. The evidence thus suffices to uphold their convictions. *See Jackson*, 443 U.S. at 319; *Coleman*, 132 S. Ct. at 2064.

Insofar as the appellants argue that the evidence is insufficient because they testified as to their innocence, this argument is unavailing. The jury alone decides the credibility of witnesses and chooses among reasonable constructions of the evidence. *United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994). The jury apparently rejected the appellants' version of events, and we will not second-guess that decision. *See Zuniga*, 18 F.3d at 1260.

Insofar as Ortiz Mendez argues that his convictions should be reversed because his case is similar to *United States v. Gardea Carrasco*, 830 F.2d 41, 45 (5th Cir. 1987), this argument is unavailing because that case is materially distinguishable. We concluded that a conviction at issue in *Gardea Carrasco* could not stand because the evidence tying the defendant to the conspiracy was "tenuous." 830 F.2d at 45. The evidence against the appellants, which included testimony from which the jury could infer that they were about to load drugs into a hidden compartment in a car when they were arrested, is stronger than that which was at issue in *Gardea Carrasco*. We reject Tinoco Nieto's and Ortiz Mendez's challenges to the sufficiency of the evidence.

We likewise reject their challenges to their sentences. Both appellants argue that the district court erred by not concluding that they were minimal or minor participants in the offense and adjusting their guidelines sentencing ranges accordingly. This court reviews the district court's finding on minor participant status for clear error and will affirm if the finding is plausible in light of the entire record. *United States v. Silva-De Hoyos*, 702 F.3d 843, 846 (5th Cir. 2012). Additionally, the district court's refusal to grant this reduction is entitled to great deference, *United States v. Devine*, 934 F.2d 1325, 1340 (5th Cir. 1991), and it is infrequently awarded. *United States v. Tremelling*, 43 F.3d 148, 153 (5th Cir. 1995).

Tinoco Nieto and Ortiz Mendez have not shown clear error in connection with the district court's denial of this reduction. *See Silva-De Hoyos*, 702 F.3d at 846. There is nothing to show that they were "peripheral to the advancement of the illicit activity." *See United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005) (internal quotation marks and citation omitted). To the extent they argue that they should have received this reduction because they were less involved in and less important to the conspiracy than others,

they are mistaken.  *See United States v. Franklin*, 561 F.3d 398, 407 (5th Cir. 2009).  The judgment of the district court is AFFIRMED.