# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10495
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN EDGAR BARAJAS, also known as Pelon,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-81

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Edgar Barajas challenges the below Sentencing Guidelines sentencing-range sentence imposed following his conviction for conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841, 846. After granting both a three-level downward departure, pursuant to Guideline § 5K1.1 (allowing the court to depart from the advisory Guidelines-sentencing range for defendants who "provided substantial

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

assistance in the investigation or prosecution of another person who has committed an offense"), and a two-level downward variance, in response to a proposed amendment to the Guidelines, the court sentenced Barajas to, *inter alia*, 188 months' imprisonment.

Barajas claims the below-Guidelines sentence is greater than necessary to accomplish the objectives of 18 U.S.C. § 3553(a) (sentencing factors) because it fails to take into account his personal circumstances and characteristics, specifically his lifelong drug addiction, his introduction to the drug-trafficking business at age 11, and his age at the time of the offense.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As discussed above, Barajas does not claim procedural error.

Because Barajas did not object to the reasonableness of his sentence in district court, review is only for plain error. *E.g., United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). Under that standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.* (Barajas claims an objection is unnecessary to preserve his substantive unreasonableness challenge. Although he recognizes his claim is foreclosed by our precedent, *e.g.,*

No. 14-10495

*Peltier*, 505 F.3d at 391–92, he raises it to preserve it for possible further review.)

Barajas fails to show the requisite clear or obvious error. (His claim would also fail under the above-described abuse-of-discretion standard.) As an initial matter, within-Guidelines sentences are presumed to be reasonable. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Further, below-Guidelines sentences are also presumptively reasonable. *E.g., United States v. Garcia*, 535 F. App'x 397, 397 (5th Cir. 2013); *see also United States v. Lopez*, 461 F. App'x 372, 374 (5th Cir. 2012).

The court considered Barajas' arguments in mitigation, the factors of 18 U.S.C. § 3553(a), and the Guidelines, and determined that a 188-month, below-Guidelines sentence was appropriate. Barajas' asserting the court should have sentenced him more leniently merely reflects his disagreement with the propriety of his sentence. *E.g., United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.