# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40367
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PRUDENCIO S. VILLALOBOS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-297

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Prudencio S. Villalobos pleaded guilty in 2014 to conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956. He challenges his 36-month, below-advisory-Guidelines sentence, claiming the court erred both in determining the amount of laundered funds attributable to him, and in denying him a minor-role adjustment under Guideline § 3B1.2.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-40367

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). As long as a factual finding is plausible in the light of the record as a whole, it is not clearly erroneous and should be upheld. *United States v. Alaniz*, 726 F.3d 586, 618–19 (5th Cir. 2013).

The Pre-Sentence Investigation Report (PSR) and testimony at sentencing by the Government established Villalobos was involved in the money-laundering conspiracy, and included evidence he transferred and deposited funds into "funnel accounts" at banks in several States between 2010 and 2014. His "[m]ere objections" to facts in the PSR will not "suffice as competent rebuttal evidence" to the information presented by the Government. *Id.* at 619. Moreover, given the evidence of Villalobos' continued involvement, and his failure to present evidence to the contrary, his contention he withdrew from the conspiracy in July 2010 is unavailing. *See United States v. Torres*, 114 F.3d 520, 525 (5th Cir. 1997). Because the court's determination that Villalobos was involved in the conspiracy from 2010 to 2014 is plausible in the light of the record as a whole, it did not clearly err in attributing slightly over $1 million in laundered funds to him. *See Alaniz*, 726 F.3d at 619.

For Villalobos' assertion that the court erred by refusing to reduce his offense level, based on his claimed minor role in the conspiracy, whether a

defendant is a minor participant is a factual finding; therefore, it is reviewed only for clear error. *See id.* at 618–19; *United States v. Silva-De Hoyos*, 702 F.3d 843, 846 (5th Cir. 2012). It goes without saying that the determination of a role adjustment under § 3B1.2 is based "on the totality of the circumstances" and is "heavily dependent upon the facts of the particular case". U.S.S.G. § 3B1.2, cmt. n.3(C).

Villalobos' participation was essential to the advancement of the money-laundering conspiracy, especially in the light of his recruitment and supervision of another individual to help accelerate the deposit process. *See United States v. Villanueva*, 408 F.3d 193, 203–04 (5th Cir. 2005). Accordingly, given the totality of the circumstances, the court did not clearly err in concluding Villalobos' activities were not simply peripheral to the advancement of the conspiracy. *See id.*; U.S.S.G. § 3B1.2, cmt. n.3(C).

AFFIRMED.