# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2021

Lyle W. Cayce
Clerk

No. 20-40460
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

John Albert Castillo,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-1687-1

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

John Albert Castillo pleaded guilty without a plea agreement to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, and he was sentenced below the guideline range to 216 months of imprisonment and five years of supervised release. Castillo argues

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that the district court erred in denying him a two-level downward adjustment as a minor participant under U.S.S.G. § 3B1.2(b).  He contends that the evidence showed that he acted as a courier, and that he had little knowledge about the operation of the conspiracy other than his own acts in taking orders to transport contraband and money from one location to another, for which he was paid small amounts.  He contrasts his role with that of other participants who engaged in organizing the transportation of the drugs across the border, trafficked methamphetamine in much greater quantities, and networked with other gangs.

A sentencing court's denial of a mitigating role adjustment is a factual finding reviewed for clear error.  *United States v. Fernandez*, 770 F.3d 340, 345 (5th Cir. 2014).  We will not conclude that a district court's factual finding is clearly erroneous as long as it is plausible in light of the record as a whole.  *Id*.

A § 3B1.2 reduction for a mitigating role applies only when a defendant is "'substantially less culpable than the average participant.'" *United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005) (quote at 204) (quoting § 3B1.2, comment. (n.3(A))).  "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity."  *Villanueva*, 408 F.3d at 204 (internal quotation marks and citation omitted).  The defendant has the burden of showing that he is entitled to the mitigating role adjustment.  *United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005).

A defendant's status as a "courier" does not automatically entitle him to a minor role adjustment.  *See United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989).  The determination turns not on courier status but on culpability, which is sensitive "to a variety of factors," *United States v.*

*Gallegos*, 868 F.2d 711, 713 (5th Cir. 1989), such as those outlined in U.S.S.G. § 3B1.2, comment. (n.3(C)(i)-(v)).

The record shows that Castillo was aware of the structure and scope of the conspiracy, and that he knew exactly how his group was receiving drug shipments by load vehicles and by bus. The nature and extent of Castillo's participation in the drug conspiracy consisted of receiving weekly deliveries of methamphetamine from Robert Lee Vasquez and delivering those drugs to at least two other persons. Castillo also picked up drug proceeds and delivered the money to Vasquez. Vasquez had on at least one occasion asked Castillo to pick up a load vehicle. Castillo benefited from his participation, being paid $50 per delivery, although his interest was apparently not proprietary. However, his role was not a one-time task but a recurring weekly role upon which he could count on weekly payments. Although Castillo may not have had decision-making authority or have been involved in the planning or organizing, these factors are not dispositive. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264-65 (5th Cir. 2017).

Castillo's role in the offense was as a local dealer, acting as a middleman between Vasquez and others, receiving deliveries of methamphetamine, delivering the methamphetamine to others for resale, collecting payments for the drugs, and delivering the drug proceeds to Vasquez, as Vasquez's "right-hand man." Although other individuals imported the methamphetamine and provided the methamphetamine to him, Castillo's middleman role was neither substantially less culpable than that of the other defendants nor only a peripheral part of the overall criminal scheme. *See United States v. Silva-De Hoyos*, 702 F.3d 843, 846-47 (5th Cir. 2012); *see also Buenrostro*, 868 F.2d at 138 (noting that "couriers are an indispensable part of drug dealing networks"). That others may have had a greater role than Castillo does not establish that he was peripheral to the criminal activity or less culpable. The district court's finding that Castillo

3

No. 20-40460

was not a minor participant was not clearly erroneous because it was "plausible in light of the record read as a whole." *See Villanueva*, 408 F.3d at 203.

Castillo also argues that the district court clearly erred by including a two-level upward adjustment for importation under U.S.S.G. § 2D1.1(b)(5) because he was entitled to the minor role adjustment, and that the district court erred by not reducing his base offense level due to his status as a minor participant under § 2D1.1(a)(5). Because the district court did not clearly err in finding that Castillo was not entitled to a minor role adjustment, the district court also did not clearly err in either of these respects. *See Fernandez*, 770 F.3d at 345.

AFFIRMED.