# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2021

Lyle W. Cayce
Clerk

No. 20-40877
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KARINA LIZETT JUAREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1886-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Karina Lizett Juarez appeals the sentence imposed following her guilty plea conviction for importing 500 grams or more of methamphetamine. She argues that the district court clearly erred in denying her a mitigating role adjustment under U.S.S.G. § 3B1.2.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40877

Whether a defendant was a minor or minimal participant under § 3B1.2 is a factual determination that we review for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). There is no clear error if a factual finding is plausible in light of the record as a whole. *Id.*

Juarez transported a large quantity of methamphetamine from Mexico into the United States on at least two occasions, and border patrol records indicated that she had crossed into the United States from Mexico approximately 41 times in a four-month period. Juarez was not entitled to a mitigating role adjustment merely because she was a drug courier or mule. *See United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016); *United States v. Silva-De Hoyos*, 702 F.3d 843, 847 (5th Cir. 2012). She was entrusted with a large quantity of pure methamphetamine, totaling 8.45 kilograms. *See United States v. Anchundia-Espinoza*, 897 F.3d 629, 634-35 (5th Cir. 2018). Moreover, Juarez was held responsible for the methamphetamine that she transported and that was seized by agents. Because her sentence was based on her own conduct, § 3B1.2 does not require a mitigating role adjustment even if her conduct was minor or minimal compared to the larger drug conspiracy. *See United States v. Stanford*, 823 F.3d 814, 852 (5th Cir. 2016). The district court's finding that she was an average participant was plausible in view of the record as a whole and, therefore, the district court did not clearly err in denying Juarez a mitigating role adjustment under § 3B1.2. *See Gomez-Valle*, 828 F.3d at 327.

AFFIRMED.