# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2022

Lyle W. Cayce
Clerk

No. 21-30477
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Henry Cota, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:19-CR-300-2

_____

Before Smith, Stewart, and Graves, *Circuit Judges*.
Per Curiam:[*]

Henry Cota, Jr., was sentenced to 135 months of imprisonment after pleading guilty of conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. On appeal, he contends that the district court clearly

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

erred in denying him a mitigating-role adjustment under U.S.S.G. § 3B1.2.

Whether a defendant is entitled to a mitigating-role adjustment is a factual determination that we review for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). There is no clear error if a factual finding is plausible in light of the record as a whole. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). Cota is entitled to the adjustment only if he shows by a preponderance of the evidence "(1) the culpability of the average participant in the criminal activity; and (2) that [he] was substantially less culpable than that participant." *Id.* at 613 (footnote omitted).

Although Cota asserts that he played a minor or minimal role in the conspiracy, the record reflects that he was not substantially less culpable than the average participant because he mailed multiple packages containing a large quantity of pure methamphetamine from California to Louisiana, he was paid a substantial sum of money for mailing each package, and he collected wire transfers from recipients of the drugs. Because a defendant is not entitled to a mitigating-role reduction merely because he was responsible for only transporting, the district court did not clearly err in determining that Cota was not entitled to the adjustment under § 3B1.2. *See United States v. Silva-De Hoyos*, 702 F.3d 843, 847 (5th Cir. 2012).

Relatedly, Cota avers that the district court should have applied the safety valve to sentence him below the statutory minimum of 120 months. But because the district court did not clearly err in determining that Cota was not entitled to a mitigating-role reduction, his guideline range was above the statutory minimum, so the safety valve is inapplicable. *See* U.S.S.G. § 5C1.2(a).

AFFIRMED.