[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 07-11707

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 29, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00128 CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAIPHAEL BERNARD WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 29, 2008)**

Before EDMONDSON, Chief Judge, BLACK and FARRIS,[*] Circuit Judges.

PER CURIAM:

_____

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Raiphael Bernard Williams (Defendant) appeals his conviction and sentence for possession with intent to distribute five grams or more of cocaine base, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). On appeal, Defendant argues that the district court erred (1) by commenting on certain testimony Defendant sought to elicit during his case-in-chief; (2) by charging the jury with a flight instruction; (3) by denying Defendant's motion for a new trial based on alleged juror misconduct during voir dire; (4) at sentencing, by considering prior juvenile convictions in determining Defendant's criminal history category; and (5) in imposing sentence, by concluding that Defendant was ineligible for federal benefits for life. Only the flight instruction and the lifetime ban on federal benefits merit discussion.[1]

I.  Background

In 2005, Agent Malik Khaalis, a member of the Counter-Narcotics Team with the Savannah-Chatham Metropolitan Police Department, was patrolling in an

---

[1]After reviewing the record, and with the benefit of briefing and oral argument, we conclude the district court committed no reversible error with regard to the judicial commentary on the evidence, the denial of Defendant's motion for new trial, or the consideration of prior juvenile convictions in determining Defendant's criminal history category.

undercover car. He observed Defendant driving a red Camaro. Agent Khaalis, aware of at least one outstanding warrant for Defendant's arrest, maneuvered his car behind the Camaro.[2] Defendant responded by accelerating to a high speed. Agent Khaalis decided not to pursue Defendant in his unmarked vehicle; instead, Agent Khaalis radioed for a marked unit to conduct a traffic stop.

Two officers responded and pursued Defendant at speeds up to 90 miles per hour. Defendant eventually slowed down in a residential area and bailed out of the Camaro as it crashed into a metal pole. One of the officers caught Defendant shortly thereafter.

Agent Khaalis arrived at the abandoned Camaro after the arrest. He searched the vehicle and found a clear plastic baggy with what was later determined to be 38.64 grams of crack cocaine and a leafy green material, which he identified as marijuana, on the passenger side floorboard. Officers also found a box of baggies in the car's middle console and $1,335 in small bills in Defendant's pocket.

Following a jury trial, Defendant was convicted of one count of possession with intent to distribute five grams or more of cocaine base. The district court

---

[2]At the time of the incident, at least five outstanding state court arrest warrants had been issued for Defendant, including one for aggravated assault on a police officer.

sentenced Defendant to 220 months' imprisonment and declared Defendant ineligible for federal benefits for life pursuant to 21 U.S.C. § 862(a).

## III. Discussion

### A. The Flight Instruction

As part of its charge to the jury, the district court, over Defendant's objection, gave this instruction:

> The flight of the defendant is a circumstance which may be taken into consideration with all other facts and circumstances of the evidence. If you find from the evidence beyond any reasonable doubt that the defendant fled, and that his flight was for the purpose of avoiding arrest for the charge herein, you may take this fact into consideration in determining his guilt or innocence.

Defendant contends that this instruction should not have been given because a reasonable juror could not have inferred from Defendant's flight a consciousness of guilt concerning the crime charged, as opposed to a more generalized

consciousness of guilt based on his knowledge of the outstanding warrants for his arrest.[3]

We review a district court's jury instructions for an abuse of discretion. United States v. Guerra, 293 F.3d 1279, 1290 (11th Cir. 2002). Error in jury instructions does not constitute grounds for reversal unless a reasonable likelihood exists that it affected the defendant's substantial rights. See Fed. R. Evid. 103(a); Montgomery v. Noga, 168 F.3d 1282, 1294 (11th Cir. 1999).

We are unpersuaded by Defendant's argument that the district court abused its discretion by including a flight instruction in its charge to the jury. "Evidence of flight is admissible to demonstrate consciousness of guilt and thereby guilt." United States v. Blakey, 960 F.2d 996, 1000 (11th Cir. 1992). "The probative value of such evidence. . . is diminished if the defendant has committed several unrelated crimes or if there has been a significant time delay between the commission of the crime or the point at which the accused has become aware that he is the subject of a criminal investigation, to the time of flight." Id. at 1000-01.

Nevertheless, the district court here expressly instructed the jury that it could take into consideration Defendant's flight from the police as circumstantial

---

[3] Agent Khaalis testified that Defendant told officers that he was aware of the warrants before the incident and that was the reason he fled from the officers.

evidence of his guilt <u>only if</u> it found, beyond a reasonable doubt, that he fled to avoid the charged crime. Because a reasonable jury could conclude, based on the evidence presented, that Defendant fled the police to avoid the charged crime, we discern no abuse of discretion in the district court's decision to give the flight instruction.[4]

B. The Lifetime Ban on Federal Benefits

A district court may, in certain circumstances, deny federal benefits to a defendant convicted of a drug offense. <u>See</u> 21 U.S.C. § 862. But, the amount of time that a defendant may be denied federal benefits depends on whether the offense of conviction is a drug <u>trafficking</u> offense or a drug <u>possession</u> offense, as well as the number of prior convictions.[5]

---

[4]We also note that even if we saw an abuse of discretion, the district court did not commit reversible error, given the overwhelming evidence of Defendant's guilt.

[5]Specifically, Section 862 provides, in relevant part, that:

(a) Drug traffickers

(1) Any individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall–

…

(C) upon a third or subsequent conviction for such an offense be permanently ineligible for all Federal benefits.

…

Section 862 defines trafficking offenses as "consisting of the distribution of controlled substances," and possession offenses as "involving the possession of a controlled substance." 21 U.S.C. § 862(a)(1), (b)(1). A defendant may be declared permanently ineligible for all federal benefits only upon a third (or subsequent) conviction for a trafficking offense: an offense "consisting of the distribution of controlled substances." 21 U.S.C. § 862(a)(1)(C).[6] The issue we face here is whether a conviction for possession of a controlled substance with intent to distribute is a drug <u>trafficking</u> offense under 21 U.S.C. § 862(a), or a drug <u>possession</u> offense under 21 U.S.C. § 862(b).

We review a district court's interpretation of a statute *de novo*. <u>United States v. Searcy</u>, 418 F.3d 1193, 1195 (11th Cir. 2005).

---

(b) Drug possessors

(1) Any individual who is convicted of any Federal or State offense involving the possession of a controlled substance (as such term is defined for purposes of this subchapter) shall–

…

(B) upon a second or subsequent conviction for such an offense be ineligible for all Federal benefits for up to 5 years after such conviction as determined by the court.

[6]Here, the underlying conviction was Defendant's third adult conviction for possession of a controlled substance with intent to distribute; Defendant had two prior state convictions as an adult for possession with intent to distribute a controlled substance and one prior state conviction as a juvenile for distribution of a controlled substance.

Defendant argues that the plain language of Section 862 allows a court to impose a lifetime ban on federal benefits only against those who are convicted of at least three offenses consisting of actual <u>distribution</u>, not the <u>intent to</u> distribute. We agree.[7] If the legislature had intended to permit a lifetime ban on federal benefits to persons who were in possession of a controlled substance with the intent to distribute, it could have said so. And if there is ambiguity, we are obliged to favor the more lenient punishment.

Because we conclude that possession of a controlled substance with intent to distribute is a possession offense under 21 U.S.C. § 862(b), as opposed to a trafficking offense under 21 U.S.C. § 862(a), the district court erred by imposing a lifetime ban on federal benefits.

## III. Conclusion

---

[7]The government cites <u>United States v. Bush</u>, 28 F.3d 1084, 1089 (11th Cir. 1994), and <u>United States v. Littlejohn</u>, 224 F.3d 960, 966 (9th Cir. 2000), for the proposition that Section 862(a) may be applied to persons convicted of possession of a controlled substance with the intent to distribute. We believe that the issue before us was not actually decided in either case. The only issue before this Court in <u>Bush</u> was the *ex post facto* application of Section 862 after the statute's effective date. The only issue before the Ninth Circuit in <u>Littlejohn</u> was whether the defendant's guilty plea was knowing and voluntary despite the district court's failure to warn the defendant during the plea colloquy of the possibility that he would be ineligible for federal benefits. We regard any discussion in those cases of the application of Section 862(a) to persons convicted of possession of a controlled substance with the intent to distribute as dicta. Both cases, in effect, assumed that Section 862(a) applied to possession with intent to distribute.

We affirm Defendant's conviction.  Because the district court improperly declared Defendant ineligible for federal benefits for life, we vacate Defendant's sentence and remand for sentencing consistent with this opinion.

VACATED and REMANDED.