[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12218
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:07-cr-60259-JAG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN RICHARD G. PAUL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 1, 2011)

Before BARKETT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jean Richard G. Paul appeals his convictions for possession of 5 kilograms

or more of cocaine with intent to distribute and possession of 50 grams or more of

cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Paul argues that the district court abused its discretion by instructing the jury concerning his pre-trial flight because the Government presented insufficient evidence to warrant the instruction. Further, Paul argues that the district court abused its discretion by summarily denying Paul's untimely motion for a new trial as he believes the inclusion of the flight instruction necessitated a new, untainted proceeding. After a review of the record and consideration of the parties' briefs, we affirm Paul's convictions.

I.

"We review a district court's jury instructions for an abuse of discretion." *United States v. Williams*, 541 F.3d 1087, 1089 (11th Cir. 2008) (per curiam). An erroneous jury instruction constitutes grounds for reversal only if a reasonable likelihood exists that the error affected the defendant's substantial rights. *Id.*; *see* Fed. R. Evid. 103(a).

"Evidence of flight is admissible to demonstrate consciousness of guilt and thereby guilt." *Williams*, 541 F.3d at 1089 (internal quotation marks omitted).

> Analytically, flight is an admission by conduct. Its probative value as circumstantial evidence of guilt depends upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime

2

charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

*United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir. 1977).[1]  Use of the flight instruction is appropriate if the government "make[s] certain that each link in the chain of inferences" is "sturdily supported."  *See United States v. Wright*, 392 F.3d 1269, 1278 (11th Cir. 2004).  If sufficient evidence is presented so that the jury could reasonably conclude that the defendant fled to avoid the charged crime, the district court does not abuse its discretion by giving a flight instruction.  *Williams*, 541 F.3d at 1089.

The district court did not abuse its discretion by giving the flight instruction. In October 2007, Paul was arrested for the conduct at issue, arraigned, and released pending trial.  The Government presented uncontested testimony that, prior to trial, Paul fled the jurisdiction to the Bahamas and was arrested there in June 2008.  Paul's travel and failure to appear violated the terms of his bond.  In light of the charges pending against him and the timing of his departure, the district court's inclusion of a flight instruction was not an abuse of discretion.

II.

---

[1] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), all former Fifth Circuit cases handed down before October 1, 1981 serve as binding precedent.

Paul next argues that the district court abused its discretion by summarily denying Paul's motion for a new trial, which he filed on the eve of sentencing and more than 11 months after the jury's verdict.

We review a district court's denial of a motion for a new trial under the abuse-of-discretion standard. *United States v. Sweat*, 555 F.3d 1364, 1367 (11th Cir. 2009) (per curiam). Federal Rule of Criminal Procedure 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires." "That is a broad standard. It is not limited to cases where the district court concludes that its prior ruling, upon which it bases the new trial, was legally erroneous." *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994).

At the time of Paul's conviction, motions for a new trial were required to be filed within 7 days after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(2) (2005) (amended 2009). The district court in this case granted Paul an extension, allowing him to file such a motion within 90 days, i.e., by June 2009. Paul filed his motion for a new trial in March 2010. Even if otherwise untimely, the district court may, on a party's motion, extend the time to file a motion for a new trial if the defendant "failed to act because of excusable neglect." *See* Fed. R. Crim. P. 45(b)(1)(B).

Here, the district court did not specify its reasons for denying Paul's motion for a new trial. Even assuming, *arguendo*, that excusable neglect led to the extraordinarily late filing, the motion lacked merit because Paul failed to show that the interest of justice required a new trial. As described above, the Government presented sufficient, uncontested evidence to warrant the flight instruction. Because Paul failed to show that the interest of justice required a new trial, the district court did not abuse its discretion by summarily denying Paul's motion.

**AFFIRMED.**