[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11380
Non-Argument Calendar
_____

D.C. Docket Nos. 4:10-cv-00238-BAE-GRS; 4:06-cr-00128-BAE-GRS-1


RAIPHAEL B. WILLIAMS,

Petitioner-Appellant,


versus


UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 27, 2013)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Raiphael Williams, proceeding *pro se*, appeals the district court's order denying his motion for reconsideration of his Federal Rule of Civil Procedure 60(b) motion for relief from the dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. After review of the record and consideration of the parties' briefs, we affirm.

## I. BACKGROUND

A jury found Williams guilty of one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Williams to 220 months' imprisonment and ordered him ineligible for all federal benefits for life. On appeal, this Court affirmed Williams's conviction but vacated his sentence because the district court erred by finding Williams ineligible for federal benefits for life. *United States v. Williams*, 541 F.3d 1087, 1091 (11th Cir. 2008). Our opinion in Williams's direct appeal issued on August 29, 2008, and, on September 24, 2008, the district court entered an amended judgment altering Williams's ineligibility for federal benefits from life to five years. Our mandate in Williams's direct appeal, however, was not issued until January 21, 2009.

On October 4, 2010, Williams filed a *pro se* § 2255 motion to vacate, claiming he received ineffective assistance of trial counsel. On November 4, 2010, the district court dismissed William's § 2255 motion as untimely. On February 11,

2011, Williams filed his first Rule 60(b) motion for relief from the dismissal of his § 2255 motion, contending his § 2255 motion should be deemed timely filed because his counsel abandoned him during his criminal proceedings following the district court's entry of the amended judgment. On February 17, 2011, the district court denied Williams's Rule 60(b) motion.

More than one year later, on November 8, 2012, Williams filed a second Rule 60(b) motion for relief from the dismissal of his § 2255 motion to vacate, contending counsel abandoned him by failing to file a notice of appeal from the amended judgment and that he was therefore entitled to equitable tolling of the § 2255 limitations period. In his reply to the Government's opposition to the Rule 60(b) motion Williams explicitly argued, *inter alia*, that the district court's amended judgment was void because the district court lacked jurisdiction to enter it given that this Court's mandate had not yet issued. He further asserted that because his amended judgment was void, the judgment dismissing his § 2255 motion was also void.

On January 22, 2013, the district court denied Williams's second Rule 60(b) motion because he did not file the motion within a reasonable time. On February 1, 2013, Williams filed a motion for reconsideration of the district court's denial of his second Rule 60(b) motion, arguing the district court failed to resolve the claim raised in his reply that the amended judgment and judgment dismissing

3

his § 2255 motion were both void.  On February 13, 2013, the district court denied

Williams's motion for reconsideration.  Subsequently, the district court granted

Williams a certificate of appealability (COA), stating:

> Ideally, the Court—in an effort to avoid elevating form over substance and to conserve judicial resources—would vacate its earlier, void, judgment and resentence Williams, again.  Williams['s] current notice of appeal, however, divests this Court of jurisdiction to travel that path. . . .
>
> Instead of vacating its earlier judgment, and because reasonable jurists most assuredly could find it debatable whether the judgment at issue is valid, the Court **GRANTS** Williams's request for a COA.

## II. DISCUSSION

On appeal, Williams argues his sentence should be vacated and his case

remanded for resentencing because the district court admitted it did not have

jurisdiction to enter the amended judgment in his criminal case.[1]  Williams,

however, does not raise any argument that the district court erred by denying his

Rule 60(b) motion or motion for reconsideration.  Rather, he simply asks this Court

to grant him relief from his criminal sentence.  By failing to make any argument or

raise any challenge to the judgment specified in his notice of appeal, Williams has

abandoned his claims on appeal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th

---

[1] Although we review a district court's denial of a Rule 60(b) motion for abuse of discretion, we review the district court's legal conclusions de novo and the underlying facts for clear error.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Cir. 2008) ("[I]ssues not brief on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)).

Even if Williams had not abandoned all of his arguments on appeal he still would not be entitled to relief. Williams could not use a Rule 60(b) motion to challenge his criminal judgment. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Furthermore, to the extent Williams raised a new argument challenging the district court's jurisdiction to impose his sentence in his second Rule 60(b) motion, that argument was a second or successive claim for habeas relief which the district court did not have jurisdiction to entertain in the absence of authorization from this Court. *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (holding that prisoners cannot use Rule 60(b) to evade the statutory restrictions on filing second or successive § 2255 motions); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").[2]

In conclusion, the district court does not have the authority to resentence Williams.

**AFFIRMED.**

---

[2] Federal Rule of Criminal Procedure 35 also provides no basis for resentencing Williams. *See United States v. Phillips*, 597 F.3d 1190, 1196-97 (11th Cir. 2010) (explaining district courts possess no inherent authority to modify a sentence outside the seven-day time limit specified in the rule).

5