[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11102
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00026-MTT-CHW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JAMES HAUGABROOK,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 13, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Willie James Haugabrook was convicted by a jury of, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly receiving and possessing a firearm that had been previously shipped and transported in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to a 120-month term of imprisonment, to run consecutively with a prior undischarged state sentence. He appeals both the conviction and sentence. We will address each challenge in turn.

I.

Haugabrook argues on appeal that the district court erred by giving the flight instruction, because there was insufficient evidence in his case to support the inferential chain from flight to guilt for the charged offense. He contends that the evidence was equally compatible with the conclusion that he fled because he was accosted in a high crime area or because of an outstanding parole warrant for his arrest.

Haugabrook also argues that the flight instruction given was inadequate and misleading because it failed to expressly identify multiple possible reasons for his flight and to incorporate safeguards of which we and other courts have approved. Haugabrook acknowledges that in *United States v. Williams*, 541 F.3d 1087, 1089 (11th Cir. 2008), we upheld a flight instruction analogous to the instruction given in his case, but he asks us to overturn *Williams*.

2

We review a district court's jury instructions under an abuse of discretion standard. *See Williams*, 541 F.3d at 1089 (11th Cir. 2008). We review the legal correctness of a jury instruction *de novo*, but defer to the district court on questions of phrasing, absent an abuse of discretion. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000).

Evidence of flight is generally admissible as circumstantial evidence of guilt. *See United States v. Borders*, 693 F.2d 1318, 1324-1326 (11th Cir. 1982); *see also United States v. Blakey*, 960 F.2d 996, 1000 (11th Cir. 1992). Giving the flight instruction is not an abuse of discretion where the evidence could lead a reasonable jury to conclude that the defendant fled to avoid apprehension for the charged crime. *Williams*, 541 F.3d at 1089. When reviewing the sufficiency of the evidence for a flight instruction, we view the evidence in the light most favorable to the government. *See United States v. Wright*, 392 F.3d 1269, 1279 (11th Cir. 2004).

We have approved the flight instruction even where the evidence could support more than one motive for flight, indicating that "it is for the jury to infer" the source of the defendant's guilt. *Wright*, 392 F.3d at 1279. For example, in *Williams*, we held that the district court's flight instruction was not an abuse of discretion in a trial for a drug possession charge, where police officers' impetus for pursuing the defendant was an outstanding arrest warrant. 541 F.3d at 1088-89.

3

The defendant led the officers on a high speed chase, and, once they apprehended him, the officers found drugs in the defendant's car. *Id.* at 1088. *See also Wright*, 392 F.3d at 1271-72, 1277-79 (concluding the district court did not plainly err by giving flight instruction at trial on a firearm possession charge, where police attempted to arrest defendant for driving under the influence, he resisted arrest, and police later found firearm in his car).

District courts have broad discretion in crafting jury instructions, provided the charge as a whole accurately reflects the law and the facts. *United States v. Kennard*, 472 F.3d 851, 854 (11th Cir. 2006). We examine whether the charge sufficiently instructed the jurors so that they understood the issues and were not misled. *United States v. Fulford*, 267 F.3d 1241, 1245 (11th Cir. 2001).

We have indicated that a flight instruction is not an abuse of discretion if it informs jurors that it is up to them to determine whether the evidence proved flight. *See Borders*, 693 F.2d at 1328. We have upheld flight instructions of varying degrees of specificity. *See e.g. Williams*, 541 F.3d at 1089 (upholding flight instruction with less detail than the flight instruction in the instant case); *Borders*, 693 F.2d at 1327-28 (upholding flight instruction with significantly more detail than the instruction in the instant case).

In this case, the evidence permitted the jury to conclude that Haugabrook's flight was motivated by his knowledge that he illegally possessed a firearm. The

4

evidence showed that Haugabrook began to slowly flee as soon as the officers approached, and that once he saw that the officers continued to pursue him, he ran. The evidence, viewed in the light most favorable to the government, also showed that Haugabrook discarded a firearm as he was being chased. While the evidence may have permitted the jury to conclude that Haugabrook fled for other reasons, the reason for a defendant's flight is a question for the jury, *Wright*, 392 F.3d at 1279. Accordingly, the district court did not abuse its discretion by giving the flight instruction.

Further, the flight instruction given was not an abuse of discretion because it informed the jurors that it was up to them to determine whether the evidence proved flight. *Borders*, 693 F.2d at 1328. The jury instruction stated:

> The flight of a Defendant is a circumstance which may be taken into consideration with all other facts and circumstances of the evidence. If you find from the evidence beyond any reasonable doubt that the Defendant fled, and that his flight was for the purpose of avoiding arrest for the charge in the indictment, as opposed to some other reason, you may take this fact into consideration in determining the Defendant's guilt or innocence.

The district court expressly instructed the jury to take Haugabrook's flight into consideration as circumstantial evidence of guilt only if it found, beyond a reasonable doubt, that he fled to avoid the charged crime. *Williams*, 541 F.3d at

5

1089.  Accordingly, the district court did not abuse its discretion in its choice of flight instruction.[1]

## II.

Haugabrook also argues on appeal that the district court erred in not relating its consideration of the factors in 18 U.S.C. § 3553(a) and his arguments for a sentence under the guideline range to its decision to impose his 120-month sentence to run consecutively to his undischarged state sentence.  He acknowledges that the district court considered the § 3553(a) factors and his arguments in issuing the 120-month prison term.

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard.  *See Peugh v. United States,* 133 S.Ct. 2072, 2080, 186 L.Ed.2d 84 (2013).  The party challenging the sentence has the burden of establishing its unreasonableness.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  We review objections raised on appeal that were not timely raised in the district court, including objections to reasonableness of a sentence, for plain error.  *See United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315-16 (11th Cir. 2005) (applying plain error review to challenge based on district court's failure to treat the Guidelines as advisory); *see also United States v. Irey*, 612 F.3d

---

[1]    Haugabrook asks us to overturn our precedent upholding flight instructions analogous to the instruction given in his case.  However, only this Court sitting *en banc* or the Supreme Court may overrule a prior panel decision.  *United States v. Woodard*, 938 F.2d 1255, 1258 (11th Cir. 1991).

1160, 1223 n.44 (11th Cir. 2010) (*en banc*) (post-*Booker* decision explaining when plain error review is warranted).

Plain error review requires that we find "an 'error' that is 'plain' and that 'affect[s] substantial rights.'" Fed. R. Crim. P. 52(b); *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). The "plain" requirement means that, "at a minimum [we] cannot correct [the] error . . . unless the error is clear under current law." *Id.* 507 U.S. at 734, 113 S.Ct. at 1777. Moreover, the Supreme Court has indicated that we should decline to correct a forfeited error unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* 507 U.S. at 732, 113 S.Ct. at 1776 (citations omitted).

Multiple terms of imprisonment, imposed at different times, run consecutively unless the district court orders that the terms run concurrently. 18 U.S.C. § 3584(a). The district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether a consecutive sentence is appropriate, including the nature and circumstances of the offense, the history and characteristics of the defendant, the Sentencing Guidelines, and any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3584(b); 18 U.S.C. § 3553(a)(1),(4),(5). However, the court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss

the factors individually. *Cf. Talley*, 431 F.3d at 786 (discussing procedural reasonableness of sentences, generally). It is sufficient if the court acknowledges that it has considered the defendant's arguments and the § 3553(a) factors. *See United States v. McNair,* 605 F.3d 1152, 1231 (11th Cir. 2010) (discussing reasonableness of sentences, generally).

A policy statement in the Guidelines provides that, except in special cases not applicable here, a sentence may be imposed to run concurrently, partially concurrently, or consecutively to any prior undischarged sentence in order to achieve a reasonable punishment for the instant offense. U.S.S.G. § 5G1.3(c). The Sentencing Commission recommends a consecutive sentence if, as here, the defendant was on probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. U.S.S.G. § 5G1.3(c), comment. (n.3(C)); *see also* § 7B1.3(f) (recommending a consecutive sentence in cases involving federal revocation of probation or supervised release).

As an initial matter, plain error review applies because Haugabrook did not object in any way to the consecutive nature of his sentence before the district court. Next, Haugabrook is correct that the district court did not separately explain its reasons for issuing a consecutive sentence. However, the record indicates that the district court was aware of Haugabrook's arguments and the § 3553(a) factors

8

when it pronounced the consecutive nature of his sentence, because earlier it acknowledged the maximum release date for his state sentence and, as Haugabrook acknowledges, explicitly stated its consideration of the § 3553(a) factors and his arguments with regard to its issuance of a 120-month prison term.  In addition, before issuing the sentence, the court noted its consideration of the presentence investigation report, which stated the Sentencing Commission's preference for consecutive sentences in cases like Haugabrook's.

Moreover, Haugabrook has not demonstrated that any error in his case was "plain," because our precedent does not clearly establish that the district court must separately explain its reasons for issuing a consecutive sentence.  *See Olano*, 507 U.S. 733, 113 S.Ct. 1777.  In addition, any error in this case has not "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *See id.*, 507 U.S. at 732, 113 S.Ct. at 1776.  The district court's decision to issue a consecutive sentence was in accordance with the policy recommendations in the Sentencing Guidelines.  Moreover, the record shows that the district court took Haugabrook's arguments and the § 3553(a) factors into account, generally, in issuing its sentence.  *See McNair,* 605 F.3d at 1231.  As a result, the district court's failure to restate its consideration of the § 3553(a) factors and Haugabrook's arguments or to specifically explain its reasons for issuing a consecutive sentence did not constitute plain error.

9

Accordingly, because the district court did not abuse its discretion in giving the flight instruction in this case or plainly err in failing to relate its consideration of the Guidelines and the reasons for its chosen sentence to its decision to issue a consecutive sentence, we affirm Haugabrook's conviction and sentence.

**AFFIRMED.**