[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11151
Non-Argument Calendar

_____

D.C. Docket No. 9:17-cr-80030-KAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EMMANUEL PETIT FRERE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 4, 2019)

Before JILL PRYOR, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Emmanuel Petit-Frere appeals his convictions for armed bank robbery and using and discharging a firearm in furtherance of a crime of violence—the bank robbery.  After careful review, we affirm.

## I.     BACKGROUND

A grand jury indicted Petit-Frere on one count of armed bank robbery by intimidation, in violation of 18 U.S.C. § 2113(a), (d) (Count 1), and one count of using and discharging a firearm in furtherance of a crime of violence—the bank robbery—in violation of 18 U.S.C. § 924(c) (Count 2).  Under § 924(c), a "crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(A)-(B).  The former definition is called the "elements clause" and the latter is known as the "residual clause." *See Ovalles v. United States* (*Ovalles II*), 905 F.3d 1231, 1234 (11th Cir. 2018) (en banc).

Petit-Frere moved to dismiss Count 2, arguing that bank robbery, even if armed, did not qualify categorically as a crime of violence under § 924(c)'s elements clause.[1]  He also argued that the robbery did not alternatively qualify

---

[1] Petit-Frere filed the motion to dismiss in response to an original indictment that was superseded by the two-count indictment at issue here.  After the superseding indictment issued,

under § 924(c)'s residual clause because that clause was unconstitutionally vague under the logic of the Supreme Court's decisions in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court denied the motion, concluding that Petit-Frere's argument as to the elements and residual clauses were foreclosed by binding circuit precedent, *In re Sams*, 830 F.3d 1234 (11th Cir. 2016), and *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017), *vacated on reh'g en banc*, 889 F.3d 1259 (11th Cir. 2018).

Petit-Frere pled not guilty and proceeded to a jury trial. The government's evidence at trial showed that Petit-Frere entered a Chase Bank in Lake Park, Florida, where four bank employees and four customers were present. Petit-Frere pulled out a gun, repeatedly told the people inside that he wanted "no alarms" and "no police," handed a teller a bag, and demanded that she fill it with $10,000. Doc. 95 at 99.[2] He also brandished his gun at a customer who attempted to escape. A teller supplied Petit-Frere with $10,000, and Petit-Frere left the bank and got into a car. Bank personnel contacted law enforcement.

A customer in the bank parking lot saw Petit-Frere quickly exit the bank, get into his car, and speed off. As Petit-Frere left the parking lot, the customer pursued him in her car and called 911. During the pursuit, Petit-Frere made

---

the district court construed the motion to dismiss as applying to that new indictment. We do the same here.

[2] "Doc. #" refers to the numbered entry on the district court's docket.

several lane changes.  At one point, in a roundabout, Petit-Frere reached out of his driver's side window and fired two shots in the direction of the customer's car. The customer abandoned her chase.

The FBI obtained warrants to search Petit-Frere's getaway car and home. Petit-Frere then voluntarily surrendered himself and his gun to law enforcement. He waived his *Miranda*[3] rights and admitted that he robbed the bank with a loaded gun.  He reported that after he left the bank's parking lot, he noticed a car following him.  He admitted that he fired two shots to stop the car from following. Eventually, Petit-Frere said, he parked his car, a rental, and abandoned it because police were swarming the area.  Although he took his gun and the money, he left behind, among other things, the clothing he had worn into the bank and the bag he had used to carry the $10,000 out of the bank.  He made his way back to his own car and drove it to the Miami area, where he checked into a hotel.  He told law enforcement that he stayed in the hotel for over a month because, based on the items he left behind in the rental car, he knew police would be onto him.

At the charge conference, Petit-Frere objected to the district court's planned instruction regarding the jury's use of evidence of Petit-Frere's flight or concealment following the robbery.  Petit-Frere argued that the instruction was appropriate only where a defendant knowingly fled from law enforcement and that

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

here the evidence only showed that he fled a bystander.  The district court

overruled Petit-Frere's objection.  The court instructed the jury:

> Intentional flight or concealment by a person during or immediately after a crime has been committed, or after he's accused of a crime, is not, of course, sufficient in itself to establish the guilt of that person, but intentional flight or concealment under those circumstances is a fact which, if proved, may be considered by the jury in light of all the other evidence in the case in determining the guilt or innocence of that person.  Whether or not the defendant's conduct constituted flight or concealment is exclusively for you, as the jury, to determine, and if you so determine whether or not that flight or concealment showed a consciousness of guilt on his part, and the significance . . . to be attached to that evidence are also matters exclusively for you as the jury to determine.
>
> I remind you that in consideration of any evidence of flight or concealment, if you should find that there was flight or concealment, you should also consider that there may be reasons for this which are fully consistent with innocence.  These may include fear of being apprehended, unwillingness to confront the police or reluctance to confront the witness.  And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime which you may be considering.

Doc. 96 at 168-69.

The jury found Petit-Frere guilty of both counts.  The district court

sentenced Petit-Frere to 156 total months of imprisonment, including 36 months

for Count 1 and 120 months for Count 2, to run consecutively.

This is Petit-Frere's appeal.

5

## II.    STANDARDS OF REVIEW

We review the denial of a motion to dismiss a charge in an indictment for an abuse of discretion.  *United States v. Pendergraft*, 297 F.3d 1198, 1204 (11th Cir. 2002).  "A district court by definition abuses its discretion when it makes an error of law."  *Koon v. United States*, 518 U.S. 81, 100 (1996).  Whether an offense qualifies as a crime of violence under 18 U.S.C. § 924(c) is a question of law.  *United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013), *overruled on other grounds by Ovalles II*, 905 F.3d at 1253.

"We review a district court's decision to give a particular jury instruction for [an] abuse of discretion."  *United States v. Maxi*, 886 F.3d 1318, 1332 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 351 (2018).  We will not reverse based on an error in a jury instruction unless "there is a reasonable likelihood that it affected the defendant's substantial rights."  *Id.*  When determining whether the evidence is sufficient to support a given jury instruction, we view the evidence in the light most favorable to the government.  *United States v. Wright*, 392 F.3d 1269, 1279 (11th Cir. 2004).

## III.    DISCUSSION

On appeal, Petit-Frere challenges the district court's denial of his motion to dismiss the indictment and the court's delivery, over his objection, of the flight or concealment instruction.  We address his arguments in turn.

## A.    Petit-Frere's § 924(c) Conviction

Petit-Frere argues that § 924(c)'s residual clause is unconstitutionally vague and that his armed robbery offense does not alternatively qualify as a crime of violence under § 924(c)'s elements clause.  The Supreme Court recently granted certiorari to determine the constitutionality of § 924(c)'s residual clause.  *See United States v. Davis*, No. 18-431, 2019 WL 98544 (U.S. Jan. 4, 2019); *but see Ovalles II*, 905 F.3d at 1233-34 (holding that the residual clause is not unconstitutionally vague and applying a conduct-based approach to that definition of "crime of violence").  Despite this development, we remain bound by *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) (armed bank robbery under § 2113(d)), and *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) (bank robbery "by force and violence or by intimidation" under § 2113(a)), to conclude that a robbery conviction under 18 U.S.C. § 2113, armed or otherwise, categorically qualifies as a crime of violence under § 924(c)'s elements clause.  *See United States v. St. Hubert*, 909 F.3d 335, 345-46 (11th Cir. 2018) (holding that published orders on requests for authorization to file a second or successive § 2255 motion, like *Hines* and *Sams*, are binding outside the second or successive context), *petition for cert. filed*, (U.S. Feb. 19, 2019) (No. 18-8025); *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) (explaining that a prior panel precedent binds subsequent panels unless or until it is overruled or undermined to the point of abrogation by

7

this Court sitting en banc or by the Supreme Court).  We therefore must conclude

that Petit-Frere's § 924(c) conviction and sentence, predicated on his armed

robbery conviction, are valid notwithstanding any remaining questions regarding

the constitutionality of § 924(c)'s residual clause.

### B.    The District Court's Flight or Concealment Jury Instruction

"[T]he law is entirely well settled that the flight of the accused is competent

evidence against him as having a tendency to establish his guilt."  *United States v.*

*Borders*, 693 F.2d 1318, 1324 (11th Cir. 1982) (internal quotation marks omitted).

A district court does not abuse its discretion in giving a flight instruction where the

evidence could lead a reasonable jury to conclude that the defendant fled to avoid

apprehension for the charged crime.  *See United States v. Williams*, 541 F.3d 1087,

1089 (11th Cir. 2008).

Petit-Frere argues that a flight or concealment instruction is appropriate only

when the government offers evidence that the defendant fled law enforcement and

that the evidence in this case showed only that Petit-Frere fled an innocent

bystander.  Thus, he argues, the district court abused its discretion in giving the

instruction.  Even assuming for purposes of this opinion that Petit-Frere is correct

that the flight or concealment must be from a law enforcement officer, he is

incorrect that the government failed to offer such evidence here.  The evidence at

trial showed that when Petit-Frere robbed the bank, he repeatedly told the

8

employees and customers inside not to call the police.  As soon as he received the cash, he fled the scene.  It was only after he sped out of the bank's parking lot that he noticed he was being followed.  Viewing the evidence in the light most favorable to the government, it is reasonable to infer that Petit-Frere's initial flight was to avoid law enforcement, not a bystander.

Moreover, even if Petit-Frere knew the car in pursuit contained a bystander and not law enforcement, he resumed flight from law enforcement when, after the customer ceased her chase, he abandoned his rental car.  Petit-Frere told law enforcement that he abandoned the car because he knew police were swarming the area.  He then fled to his personal car, which he used to drive to Miami, and there he concealed himself for more than a month because he knew that after recovering his personal items in the rental car law enforcement would be looking for him.  This evidence further demonstrates that Petit-Frere knowingly fled and concealed himself from law enforcement following the robbery.  Thus, even if the instruction was appropriate only in the presence of evidence of flight or concealment from law enforcement, such evidence was present here.  The district court therefore did not abuse its discretion in giving the instruction.

## IV.    CONCLUSION

For the foregoing reasons, we affirm Petit-Frere's convictions.

**AFFIRMED.**

9