# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11657
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JENNIFER MARIE MORRISON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-116-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jennifer Marie Morrison pleaded guilty to conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and was sentenced to 90 months' imprisonment. She challenges her sentence, claiming the district court committed clear error by: (1) imposing a two-level enhancement pursuant to Sentencing Guideline § 2D1.1(b)(5); (2) denying a mitigating-role adjustment pursuant to Guideline § 3B1.2; and (3)

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-11657

assigning criminal-history points to Morrison's prior conviction for possession of gamma-hydroxybutyric acid (GHB), finding the conduct was not relevant conduct for the instant offense.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id*. at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As reflected above, Morrison claims only procedural error. If the factual findings are plausible in the light of the record as a whole, there is no clear error. *E.g.*, *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012).

In claiming the court committed clear error by imposing the § 2D1.1(b)(5) enhancement, Morrison presents the following four reasons: (1) no evidence showed the methamphetamine was imported from Mexico; (2) no evidence showed Morrison knew the methamphetamine she possessed was imported; (3) her relevant conduct and offense of conviction did not involve importation; and (4) the enhancement, as applied to Morrison, violated due process. The court did not commit clear error by determining Morrison failed to meet her burden to demonstrate the facts in the presentence investigation report (PSR) were "inaccurate or materially untrue". *United States v. Cervantes*, 706 F.3d 603, 620–21 (5th Cir. 2013) (internal quotation marks and citations omitted). Because Morrison did not introduce sufficient rebuttal evidence, the court was

entitled to rely on the PSR and adopt its factual findings, including the finding the methamphetamine was imported. *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). The court's findings are plausible in the light of the record as a whole, therefore no clear error exists on this point. *Serfass*, 684 F.3d at 550. This court's precedent forecloses Morrison's remaining reasons for challenging the enhancement. *Id.* at 551; *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014) (holding possession of imported methamphetamine sufficient for application of the enhancement); *United States v. Rodriguez*, 666 F.3d 944, 946–47 (5th Cir. 2012) (holding possession of imported methamphetamine "involved" the importation of methamphetamine for sentencing purposes).

For the claim that the court committed clear error by not applying a mitigating-role adjustment, defendant has the burden of demonstrating entitlement to a minor or minimal-role adjustment. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). And, a Guideline § 3B1.2 adjustment is not warranted simply because defendant "does less than other participants". *United States v. Silva-De Hoyos*, 702 F.3d 843, 846–47 (5th Cir. 2012) (internal quotation marks and citation omitted). To qualify as a minor participant, defendant must have been peripheral to the advancement of the illicit activity. *Id.* at 847. The court's concluding Morrison did not meet her burden to prove she was entitled to a mitigating-role adjustment is plausible in the light of the record as a whole. *Castro*, 843 F.3d at 612. To the extent Morrison contends the court did not consider the § 3B1.2 commentary factors, her contentions fail because the court need not discuss each factor on the record. *United States v. Torres-Hernandez*, 843 F.3d 203, 209–10 (5th Cir. 2016).

Regarding Morrison's contending her prior conviction for possession of GHB was relevant conduct for the instant offense, and therefore, should not

No. 16-11657

have received criminal-history points, relevant conduct includes all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction". U.S.S.G. § 1B1.3(a)(2). Two or more offenses may constitute part of a common scheme or plan if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi". U.S.S.G. § 1B1.3, cmt. n.5(B)(i). Should there be no such common factor, other drug offenses "may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion they are part of a single episode, spree, or ongoing series of offenses". U.S.S.G. § 1B1.3, cmt. n.5(B)(ii).

The record does not show authoritatively that the prior conviction and the instant offense are "substantially connected to each other by at least one common factor" or "sufficiently connected or related to each other". U.S.S.G. § 1B1.3, cmt. n.5(B)(ii); *United States v. Miller*, 179 F.3d 961, 966 n.10 (5th Cir. 1999). Accordingly, the court's findings were plausible on the record as a whole, and, therefore, Morrison has not shown the court clearly erred by assigning criminal-history points to her prior GHB conviction. *Serfass*, 684 F.3d at 550.

AFFIRMED.

4