# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 18-20194
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADETILEWA OLAMIGOKE AFOLA IKUEJUYONE, also known as Kuffour
Duval,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-99-2

————

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Adetilewa Olamigoke Afola Ikuejuyone pleaded guilty to one count of
conspiracy to commit wire fraud and three counts of wire fraud, in violation of
18 U.S.C. § 371 and § 1343, and he was sentenced to 45 months of
imprisonment on each count, running concurrently, and three years of
supervised release.   On appeal, Ikuejuyone argues that the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

clearly erred by denying his request for a minor or minimal role adjustment, pursuant to U.S.S.G. § 3B1.2, and by imposing a 12-level enhancement under U.S.S.G. § 2B1.1(b)(1)(G) based on an incorrect determination of the loss amount involved in the offense.

First, "[w]hether [a defendant] was a minor or minimal participant" under § 3B1.2 "is a factual determination that [this court] review[s] for clear error." *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (internal quotation marks and citation omitted). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted). When making factual findings to support a sentence, the district court "may consider any information which bears sufficient indicia of reliability to support its probable accuracy," including a presentence report (PSR). *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (internal quotation marks and citation omitted). "The district court may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (internal quotation marks and citation omitted).

The defendant has the burden of demonstrating his entitlement to a minor or minimal role adjustment. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). A decision whether to apply § 3B1.2 is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." § 3B1.2, comment. (n.3(C)). A § 3B1.2 adjustment is not warranted simply because a defendant "does less than other

participants." *United States v. Silva-De Hoyos*, 702 F.3d 843, 846-47 (5th Cir. 2012) (internal quotation marks and citation omitted).

In his plea agreement, Ikuejuyone stipulated that he knowingly agreed and conspired to carry out the wire fraud conspiracy, that he knew of the conspiracy's unlawful purpose, and that he joined it willfully. The plea agreement and PSR reflected that Ikuejuyone acted in furtherance of the scheme and knew that the resulting funds were obtained fraudulently. Ikuejuyone did not introduce any evidence to show that this information was unreliable or materially untrue. *See Trujillo*, 502 F.3d at 357. Therefore, the district court's conclusion that Ikuejuyone did not meet his burden to prove he was entitled to a mitigating role adjustment is plausible in light of the whole record. *See Gomez-Valle*, 828 F.3d at 329.

Second, the district court's calculation of the amount of loss under § 2B1.1 is a factual finding that is reviewed for clear error. *See United States v. Scher*, 601 F.3d 408, 412 (5th Cir. 2010). However, a claim that has not been presented to the district court is reviewed for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). This court has held that "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Moreover, because the actual loss calculations were part of the PSR and had some indicia of reliability, the district court was free to adopt those findings without further inquiry unless Ikuejuyone met his burden of showing by competent rebuttal evidence that the information was materially untrue, inaccurate, or unreliable. *See Trujillo*, 502 F.3d at 357. He did not do so.

Accordingly, the judgment of the district court is AFFIRMED.